IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**CLIFFORD L. TAYLOR v. DAVID MILLS, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5958    Joe H. Walker, Judge**

---

**No. W2005-01587-CCA-R3-HC  - Filed December 29, 2005**

---

The Petitioner, Clifford L. Taylor, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ. joined.

Clifford L. Taylor, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

In 1980, the Petitioner Clifford L. Taylor was convicted of two counts of aggravated kidnapping and one count of armed robbery. *See State v. Taylor,* 628 S.W.2d 42, 44 (Tenn. Crim.

App. 1981), *perm. to appeal denied,* (Tenn.1982). The trial court imposed a thirty year sentence for each count of aggravated kidnapping. *Id.* For the armed robbery conviction, the Appellant was sentenced, as a habitual criminal, to life imprisonment. *Id.* The trial court further ordered that the aggravated kidnapping charges be served concurrently with each other but consecutive to the enhanced armed robbery sentence. *Id.* The three sentences were further ordered to be served consecutive to a twenty-five-year sentence from a prior conviction for which the Appellant was on parole when the kidnappings and robbery were committed. *Id.* This Court affirmed the convictions and sentences on direct appeal. *Id.* The Petitioner is currently confined in the West Tennessee State Penitentiary in Henning, Tennessee.

In May 2005, the Petitioner filed a petition for habeas corpus relief in the Lauderdale Count Circuit Court. As grounds for relief, the Petitioner alleged that his sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), which created a new constitutional rule of law. Specifically, Petitioner complains that his sentences were unconstitutionally imposed in violation of his right to a jury trial as proscribed by *Blakely v. Washington*. The trial court summarily denied habeas corpus relief, concluding that the Petitioner failed to satisfy the procedural requirements for habeas corpus relief and that "the criminal court had jurisdiction to sentence the defendant to the sentence that he received and that the sentence has not expired." The Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief. Additionally, the State contends that the Petitioner failed to comply with the procedural requirements for habeas corpus relief. The Petitioner has filed a response in opposition to the State's motion. In addition to a response to the State's argument for summary affirmance, the Petitioner raises the additional claim that the indictments against him were fatally defective in that the indictments failed to include all the elements of the offenses charged. With regard to this new claim, review by this Court at this juncture is inappropriate as the claim was not presented to the trial court.

As noted by the State, that the Petitioner failed to attach copies of the judgments of conviction to his petition for habeas corpus relief filed in the trial court. *See* T.C.A. § 29-21-107(b)(2). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). An application for the issuance of the writ of habeas corpus may be summarily dismissed for the failure to attach the judgment forms. T.C.A. § 29-21-107(b)(2). The Petitioner's responses to the State's argument are not well-taken. Accordingly, we conclude that the trial court's summary dismissal was appropriate.

The State is correct that summary dismissal was appropriate based solely on the Petitioner's failure to attach copies of the judgment forms. Notwithstanding, the trial court's dismissal for failing to state a cognizable ground for habeas relief was also correct. In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d

at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree; his claim that his convictions or sentences are void as he was sentenced in violation of *Blakely v. Washington* fails as, even if such a violation had occurred, the violation would only render the judgment voidable, not void. *See Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Thus, the Petitioner's claim is not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, the trial court may properly dismiss the petition without a hearing. *McLaney,* 59 S.W.3d at 93.

Additionally, while a claim alleging a constitutional violation may be raised in a petition for post-conviction relief, *see* T.C.A. § 40-30-103, the Petitioner is statutorily time-barred from seeking such relief in the instant case. *See* T.C.A. § 40-30-102(a). Although certain circumstances, including a final ruling of an appellate court establishing a new constitutional right, permit the tolling of the statute of limitations, *see, e.g.,* T.C.A. § 40-30-102(b)(1), the United States Supreme Court's holding in *Blakley v. Washington* fails to afford the Petitioner a ground for post-conviction relief as the *Blakley* decision is not to be given retroactive application. *See State v. Gomez,* 163 S.W.3d 632 (Tenn.), *reh'g denied,* (2005); *Earl David Crawford v. State,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

We conclude that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE